■ DIANE DOE et al., Infants, by Their Parent and Natural Guardian, DEBORAH DOE, et al., Appellants, v CITY OF MOUNT VERNON et al., Respondents.—In consolidated negligence actions to recover damages, *inter alia,* for personal injury, the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Ruskin, J.), dated April 24, 1987, which granted the motion of the defendant City of Mount Vernon to dismiss the complaint as against it, and (2) an order of the same court dated February 5, 1988, which denied their motion for partial summary judgment.

Ordered that the orders are affirmed, with one bill of costs.

The underlying action in this case centers around the conviction of individuals who operated a facility where sexual abuse of children occurred. However, the County of Westchester was not represented at the criminal trial of the individuals and it had no opportunity to examine the witnesses. As a result, the Supreme Court properly determined that the District Attorney's office and the County of Westchester are separate entities which do not stand in sufficient relationship to one another to warrant invocation of the doctrine of collateral estoppel *(cf., Kaufman v Lilly & Co.,* 65 NY2d 449, 455; *Gilberg v Barbieri,* 53 NY2d 285, 291; *see also, Brown v City of New York,* 60 NY2d 897, 898-899; *People v Morgan,* 111 AD2d 771, 772). As a result, the Supreme Court properly denied the plaintiffs' motion for partial summary judgment.

The complaint against the City of Mount Vernon was properly dismissed since the statutes and regulations relied upon to create a duty to protect the infant plaintiffs do not impose any duty upon the city to license, investigate, inspect or supervise the operations of day-care centers or family homes *(see,* Social Services Law § 390; 18 NYCRR 418.2, 417.6). Moreover, the plaintiffs made no allegation that the city or any one of its departments qualified as an "authorized child caring agency" within the meaning of the regulations *(see,* 18 NYCRR 417.6), and the record is devoid of any factual allega-

tion which would support a finding that the city voluntarily assumed any duty upon which the plaintiffs relied (see, Cuffy v City of New York, 69 NY2d 255, 260-261; Garrett v Holiday Inns, 58 NY2d 253, 261-262; cf., Florence v Goldberg, 44 NY2d 189; Smullen v City of New York, 28 NY2d 66). Finally, the court also properly dismissed those claims which were based upon a failure to inspect the facility for fire and safety violations, or for the city's failure to provide police protection (see, Cuffy v City of New York, supra; O'Connor v City of New York, 58 NY2d 184, 189; Garrett v Holiday Inns, supra, at 262; Sanchez v Village of Liberty, 42 NY2d 876, 877-878). Mollen, P. J., Rubin, Sullivan and Rosenblatt, JJ., concur.