■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MORGAN, Appellant. — Appeal by defendant (1) from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered April 8, 1981, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated April 27, 1984, which denied his motion pursuant to CPL 440.10 to vacate the judgment.

Judgment and order affirmed.

In 1977, defendant, then a police officer with the New York City Housing Authority, was indicted, *inter alia,* for the present

assault in connection with the March 18, 1977 shooting of one Gregory Zvierko, a civilian. Defendant's basic contention was that Zvierko assaulted him, and that, in the course of effecting Zvierko's arrest after he fled onto a nearby bus, Zvierko kicked him in the jaw, causing his gun to discharge. Alternatively, defendant claimed that the shooting was justified (Penal Law § 35.30).

Gregory Zvierko claimed that defendant essentially provoked a fight, and that, on the bus, he (Zvierko) was about 20 feet away from defendant when the shot was fired. Several other witnesses to the incident testified that there was a distance of 7 to 12 feet between the two men at the time of the shooting and that Zvierko was not armed.

A disciplinary hearing conducted by the New York City Housing Authority in July 1979 resulted in a determination that defendant was not guilty of certain charges arising out of the March 18, 1977 shooting incident. In addition, an earlier trial on the criminal charge ended in a mistrial after the jury could not reach a verdict.

Defendant contends on appeal that the July 1979 administrative proceeding precluded the People, by virtue of the doctrine of collateral estoppel, from prosecuting defendant on the criminal assault charge. We disagree. Unlike civil cases, in which the rule of "mutuality of estoppel" has long been cast aside, it has been "repeatedly declared that collateral estoppel will apply in a criminal case only if the parties are the same * * * or are so closely related that they may be deemed as one for these purposes" (*People v Berkowitz,* 50 NY2d 333, 344-345; *see also, People v Lalka,* 113 Misc 2d 474, 475). This is true, in part, because "in * * * criminal law, in contrast to civil litigation, society has an overwhelming interest in ensuring not merely that the determination of guilt or innocence be made, but that it be made correctly" (*People v Berkowitz, supra,* p 345). The New York City Housing Authority and the Queens County District Attorney are separate and distinct entities and do not stand in sufficient relationship to apply the doctrine of collateral estoppel (*see, Brown v City of New York,* 60 NY2d 897, 898-899).

Defendant's contention that there were several errors in the trial court's jury charge has not been preserved for appellate review (*see,* CPL 470.05 [2]; *People v McLaughlin,* 104 AD2d 829, 830; *People v Herbert,* 100 AD2d 883, 884). Moreover, *reversal is* not warranted in the interest of justice.

We have examined defendant's remaining contentions and find them to be without merit. Lazer, J. P., Bracken, O'Connor and Brown, JJ., concur.