*617 OPINION OF THE COURT
Zelda Jonas, J.
The notice of motion of defendant, charged herein with a violation of Vehicle and Traffic Law § 1192 (2), is decided as follows:
Defendant’s motion for an order collaterally estopping the People from using evidence of defendant’s alleged refusal to take a chemical test at the trial of this action is denied.
A hearing was held on September 15, 1986 at the Department of Motor Vehicles Safety Hearing Bureau pursuant to Vehicle and Traffic Law § 1194 (2), (3). The defendant allegedly refused to submit to a chemical test as directed by a police officer pursuant to Vehicle and Traffic Law § 1194 (1). The purpose of the administrative hearing was to determine whether or not defendant’s license should be revoked or reinstated. At the hearing, the Administrative Law Judge (Hon. Leonard Margolis) ruled that the defendant did not refuse to submit to a chemical test. The defendant argues that the People are estopped from using evidence of defendant’s alleged refusal to take a chemical test at the criminal proceeding because of the decision rendered by the Administrative Law Judge.
The Motor Vehicle Commissioner’s hearing is a civil and administrative hearing limited to the determination of whether a person’s privilege to drive shall be revoked. The criminal action determines whether or not the defendant was guilty of violating Vehicle and Traffic Law § 1192 (3) and evidence of his refusal may be offered in evidence against him at the time of trial. (Vehicle and Traffic Law § 1194 [4]; People v Thomas, 46 NY2d 100.) Both the civil and criminal proceedings are independent from each other, and the outcome of one action is of no consequence in the other. (Matter of Finocchairo v Kelly, 11 NY2d 58 [1962]; Matter of Bowers v Hults, 42 Misc 2d 845 [Sup Ct, Oneida County 1964].) Unlike civil cases, in which the rule of mutuality of parties has long been cast aside, it has been repeatedly declared that collateral estoppel will apply in criminal cases only if the parties are the same or are so closely related that they may be deemed as one for these purposes. (People v Berkowitz, 50 NY2d 333 [1980]; People v Morgan, 111 AD2d 771 [2d Dept 1985].) Collateral estoppel is not applied in criminal litigation in the same manner as civil litigation since "society has an overwhelming interest in ensuring not merely that the determination of *618 guilt or innocence be made, but that it be made correctly”. (People v Berkowitz, supra, at 345.) In the instant case, the Motor Vehicle Commissioner and the Nassau County District Attorney are separate and distinct entities and do not stand in sufficient relationship to apply the doctrine of collateral estoppel. (People v Morgan, supra.)
Accordingly, the People are not collaterally estopped from introducing evidence of defendant’s alleged refusal to take the chemical test at the criminal proceeding.