OPINION OF THE COURT
David D. Egan, J.
The defendant moved for an order pursuant to CPL 255.20 (3) for renewal and granting of a motion to suppress statements (which had been denied after a full County Court hearing) on the grounds that he thereafter was successful at a Vehicle and Traffic Law § 1194 hearing to determine whether or not his license and/or driving privileges should be suspended or revoked for refusal to submit to a chemical test for *183 the purpose of determining the alcoholic content of his blood or breath. The defendant seeks to have County Court bound by the decision of the Administrative Law Judge of the Department of Motor Vehicles.
The County Court hearing on defendant’s motion to suppress statements was completed on December 9, 1987 on which date the motion was denied. The Department of Motor Vehicles (DMV) hearing took place thereafter on December 17,1987 and the police officer refused to testify on instructions from the Assistant District Attorney in charge of the County Court criminal case. The Assistant District Attorney was not present at the DMV hearing. The defense had a full opportunity to litigate the issue in County Court and his motion to renew is denied. To rule otherwise would encourage forum shopping.
Even if the court allowed renewal of the defense motion, the County Court, in criminal proceedings, is not subject to collateral estoppel by decisions resulting from section 1194 hearings of the Department of Motor Vehicles. (People v Riola, 137 Misc 2d 616 [Dist Ct, Nassau County 1987]; see, People v Fagan, 66 NY2d 815 [1985], affg 104 AD2d 252 [4th Dept 1984].) The court in Fagan refused to apply collateral estoppel where there was dismissal at the conclusion of a final parole revocation hearing of charges against the defendant. Such dismissal was held not to bar a later prosecution of criminal charges, in County Court, based on the same a'cts. In Fagan the court said, "Collateral estoppel is a flexible doctrine, not to be applied automatically just because its formal prerequisites are met (Gilberg v Barbieri, 53 NY2d 285, 292). Strong policy considerations militate against giving issues determined in prior litigation preclusive effect in a criminal case, and indeed we have never done so (see, People v Plevy, 52 NY2d 58, 65, n 4). The correct determination of guilt or innocence is paramount in criminal cases (People v Berkowitz, 50 NY2d 333, 345), and the People’s incentive to litigate in a felony prosecution would presumably be stronger than in a parole revocation proceeding (cf. Gilberg v Barbieri, supra). ” (Supra, at 816.) See also, People v Bosilkofski (134 AD2d 869 [4th Dept 1987]) where the court discussed collateral estoppel from Family Court to County Court and finding it not to apply for several reasons under the circumstances of that case.