550 A.2d 1053

Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Gregory Eugene Crawford, Appellee.

614

Submitted on briefs July 26, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Melissa K. Dively,* Assistant Counsel, with her, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellant.

*Wayne H. Hundertmark,* for appellee.

OPINION BY SENIOR JUDGE NARICK, December 9, 1988:

Before us is an appeal by the Commonwealth of Pennsylvania, Department of Transportation (Department) from an order of the Court of Common Pleas of Clarion County sustaining the appeal of Gregory Eugene Crawford (Crawford) from the suspension of his operating privileges by the Department. The trial court sustained the appeal based upon its determination at Crawford's criminal trial that Crawford did not refuse to

submit to a breathalyzer test.[1] For the reasons set forth herein, we vacate and remand.

The primary issue presented for our resolution on appeal is whether the Department is "collaterally estopped" from establishing in a civil license suspension proceeding that Crawford refused to submit to chemical testing because it had been previously determined with respect to the criminal charges filed against Crawford that he did not refuse to submit to a breathalyzer.[2]

It is well settled that a Department suspension proceeding for a refusal to take a breathalyzer test is an independent civil proceeding separate and distinct from any criminal charges brought against a motorist. *Hando v. Commonwealth,* 84 Pa. Commonwealth Ct. 63, 478 A.2d 932 (1984); *Wisniewski v. Commonwealth,* 73 Pa. Commonwealth Ct. 318, 457 A.2d 1334 (1983); *Commonwealth v. Clawson,* 9 Pa. Commonwealth Ct. 87, 305 A.2d 732 (1973); *Commonwealth v. Abraham,* 7 Pa. Commonwealth Ct. 535, 300 A.2d 831 (1973). The civil proceeding to revoke or suspend a license is not intended as punishment; rather, it is designed to protect the public by denying intoxicated motorists the privilege of using the roadways. *Hando; Abraham.* Also, a judgment in the criminal proceeding has no effect on the outcome of the civil proceeding because for a criminal proceeding the guilt of the accused must be established beyond a reasonable doubt and in a civil proceeding it is sufficient if the offense is established by a preponderance

---

[1] No testimony was received by the trial court.

[2] In civil license suspension cases the Department bears the burden of proving: (1) the motorist was arrested for driving while intoxicated by an officer who had reasonable grounds to believe such was the case, (2) the motorist was requested to submit to chemical tests, and (3) the motorist refused to do so. *Department of Transportation v. Sinwell,* 68 Pa. Commonwealth Ct. 605, 450 A.2d 235 (1982).

of the evidence. *Abraham.* Thus, an acquittal of the criminal charge of driving under the influence is of no consequence to the outcome of the civil proceeding. *Clawson; Abraham.*

Hence, the outcome of the criminal proceeding cannot collaterally estop the Department from suspending a motorist's license in civil proceedings. Collateral estoppel will effectively bar a subsequent cause of action if four elements exist: (1) the issue decided in the prior adjudication was identical with the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with the party to the prior adjudication; and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue and question in a prior action. *Glasgow v. Department of Transportation,* 108 Pa. Commonwealth Ct. 48, 529 A.2d 576 (1987). Clearly, the third and fourth elements of the "collateral estoppel" test are not present here. Firstly, we do not believe the Department and the District Attorney stand in sufficient relationship so that the Department could be considered the same party as, or in privity with the District Attorney. Secondly, as we have already stated, the Department's civil suspension proceeding is separate and distinct from the criminal proceeding initiated by the Clarion County District Attorney.[3]

_____

[3] Our holding today is in accord with two recent New York cases. *See People v. Walsh,* 139 Misc. 2d 182, 527 NYS 2d 708 (1988), a New York case where the defendant in a criminal proceeding was arrested for driving under the influence of alcohol. The defendant therein sought to have the court bound by the decision of the administrative law judge in the civil proceeding regarding the suspension of his license by the Department of Motor Vehicles. The court refused to apply the doctrine of collateral estoppel. *People v. Riola,* 137 Misc. 2d 616, 522 NYS 2d 419 (1987) where the court rejected the defendant's argument that the Commonwealth

This Court has held that a de novo hearing before the court of common pleas shall be conducted when a licensee appeals the Department's suspension of his license pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547 (refusal to submit to chemical testing). *Department of Transportation v. Quinlan,* 47 Pa. Commonwealth Ct. 214, 408 A.2d 173 (1979) (where this Court remanded for a hearing on the merits because the trial court refused to admit testimony of a police officer, thereby preventing the Department from meeting its burden of proof). *Also see Liebler v. Department of Transportation,* 83 Pa. Commonwealth Ct. 270, 476 A.2d 1389 (1984) (where this Court remanded for a de novo hearing because the trial court, without a hearing, summarily dismissed the licensee's appeal).

Thus, because the Department is required to prove that Crawford refused to submit to a breathalyzer test, the trial court erred in its failure to conduct a de novo hearing whereby the Department could present evidence in support of the license suspension.

Therefore, we will vacate the order of the trial court and remand this case for a hearing on the merits.

## ORDER

AND NOW, this 9th day of December, 1988, the order of the Court of Common Pleas of Clarion County in the above-captioned matter is hereby vacated, and the case is remanded to the court for a hearing on the merits consistent with this opinion.

Jurisdiction relinquished.

Judge MACPHAIL did not participate in the decision in this case.

---

was estopped from using evidence of defendant's alleged refusal to take a chemical test at the criminal proceeding because of the decision rendered by the administrative law judge at the civil proceeding. The court therein also refused to apply the doctrine of collateral estoppel.