625 A.2d 1226

**COMMONWEALTH of Pennsylvania**

v.

**Mark C. PULLANO, Appellant.**

Superior Court of Pennsylvania.

Argued March 11, 1993.

Filed June 3, 1993.

536

William R. Bernhart, Reading, for appellant.

Narcy L. Hughes, Asst. Dist. Atty., Reading, for Com., appellee.

Before CAVANAUGH, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the July 17, 1992 judgment of

sentence for driving under the influence of alcohol[1] and resisting arrest or other law enforcement.[2] Appellant presents three issues for our consideration on appeal:

1. Whether the evidence was insufficient to warrant conviction of 18 Pa.C.S.A. § 5104—resisting arrest, in the absence of any evidence of substantial risk or force.

2. Whether the trial judge erred in charging the jury in regard to appellant's failure to submit to chemical testing without an instruction pursuant to 75 Pa.C.S.A. § 1547 that no presumption shall arise from this evidence.

3. Whether the trial court erred in regard to the rulings involving the refusal to submit to chemical testing.

Appellant's Brief at 2. For the following reasons, we affirm.

On March 15, 1992, appellant was charged with driving under the influence of alcohol, disorderly conduct,[3] and resisting arrest or other law enforcement. On March 2, 1992, following a jury trial, appellant was found guilty of driving under the influence and resisting arrest. The court also entered an order granting appellant's demurrer to the charge of disorderly conduct.[4] Post-trial motions were filed and denied. This timely appeal followed.

The relevant facts are as follows. On March 15, 1991 shortly after 10:00 p.m., Officer Brian Burr of the Reading City Police observed a red Volkswagen pull out in front of several oncoming vehicles. Officer Burr followed the vehicle for approximately four blocks during which time he observed the vehicle swerve toward parked cars. Officer Burr then stopped the vehicle and approached the car. When he approached appellant and requested proof of identification and registration, he detected a strong odor of alcohol emanating from appellant. As appellant exited his vehicle, Officer Burr

1. 75 Pa.C.S. § 3731.

2. 18 Pa.C.S. § 5104.

3. 18 Pa.C.S. § 5503.

4. The court granted appellant's demurrer to this charge on the basis that: "the testimony fails to establish that all of these actions occurred in public, as required, and were done with the intent to cause public inconvenience or creating a substantial risk of public inconvenience." N.T. 3/2/92 at 39.

observed him use the vehicle to support himself and sway and wobble as he walked.

Officer Burr requested appellant to perform field sobriety tests. Appellant failed the finger to nose test and refused to participate in any further field sobriety tests. Officer Burr then placed appellant under arrest for driving under the influence of alcohol and requested appellant to submit to a blood-alcohol test. Appellant then became verbally abusive towards Officer Burr. Officer Burr then summoned a police wagon to transport appellant to the Berks County DUI Processing Center.

At the processing center, appellant became unruly. Officer Burr and three other police officers escorted appellant down in the elevator to the basement of the courthouse where the DUI Processing Center was located. Once inside the elevator, appellant began to thrash his body about and ram the police officers in the elevator. N.T. 3/2/92 at 31. Two officers had to restrain appellant by forcefully holding him in the corner of the elevator. N.T. 3/2/92 at 31. Appellant continued to thrash about with his body and cut his chin in the process. N.T. 3/2/92 at 31. Once at the Processing Center, appellant continued his physical resistance requiring two officers to restrain him on a bench he was seated at. Nevertheless, appellant kept jumping out of the bench towards the officers and eventually broke the arm of the bench.

Appellant first argues that the evidence was insufficient to support a verdict for resisting arrest. After carefully reviewing the parties' briefs and the record of the proceedings below, we conclude that the trial court has properly addressed appellant's contentions in its well reasoned opinion. Accordingly, we find the evidence sufficient to support appellant's conviction for resisting arrest for the reasons stated therein.

Appellant next argues that the trial court erred in its charge to the jury concerning appellant's refusal to submit to a blood-alcohol test, as it did not instruct the jury pursuant to 75 Pa.C.S.A. § 1547 that no presumption shall arise from this refusal. Once again, after carefully reviewing the parties' briefs and the record of the proceedings below, we conclude

that the trial court has adequately addressed appellant's argument. Accordingly, we find the jury instruction proper for the reasons stated therein.

Finally, appellant argues that the trial court erred in its rulings involving appellant's refusal to take a Blood-alcohol test. Essentially, appellant contends that the Commonwealth was collaterally estopped from introducing evidence of appellant's refusal to submit to a blood-alcohol test, as appellant had successfully appealed the suspension of his drivers license for failure to take the blood-alcohol test. We disagree.

Collateral estoppel requires:

1) the issue decided in the prior adjudication was identical to the one presented in the later action; 2) there was a final judgment on the merits; 3) the party against whom the plea is asserted was a party or· in privity with a party to the prior adjudication; and 4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action.

McCullough v. Xerox Corp., 399 Pa.Super. 135, 143, 581 A.2d 961, 965–66 (1990) (quoting Sanders v. Sanders, 384 Pa.Super. 311, 319, 558 A.2d 556, 559 (1989)). In the instant case it is clear that appellant fails to satisfy the last two requirements of the test.

The Commonwealth Court recently addressed the question of whether a determination in a criminal trial that appellant did not refuse to take a breathalyzer test collaterally estopped the Pennsylvania Department of Transportation from suspending an individual's license based upon failure to submit to the test in Com., Dept. of Transp. v. Crawford, 121 Pa. Commw. 613, 550 A.2d 1053 (1988). The court stated:

Clearly, the third and fourth elements of the "collateral estoppel" test are not present here. Firstly, we do not believe the Department and the District Attorney stand in sufficient relationship so that the Department could be considered the same party as, or in privity with the District Attorney. Secondly, as we have already stated, the Department's civil suspension is separate and distinct from the

criminal proceeding initiated by the Clarion County District Attorney.

*Id.* at 616, 550 A.2d at 1055. We believe that the cogent analysis applied by the Commonwealth Court is equally applicable where, as here, proceedings on appellant's license suspension preceded the criminal trial.

As stated in *Crawford*, the District Attorney's office and the Department of Transportation cannot be deemed as the same party or to be in privity with each other. Additionally, as the criminal and civil proceedings are distinct and separate,[5] the District Attorney of Berks County did not participate in the civil proceeding and thus did not have a "full and fair opportunity to litigate the issue in question." Thus, we find that the trial court did not err in its determination that the Commonwealth was not barred by collateral estoppel from introducing evidence about appellant's failure to submit to a blood-alcohol test. Accordingly, the judgment of sentence is affirmed.

Affirmed.

---

5. *Commonwealth v. Shinn*, 368 Pa.Super. 436, 534 A.2d 515 (1987).