OPINION OF THE COURT
Steven W. Fisher, J.
The principle issue presented on this motion to dismiss involves whether an administrative finding on a traffic ticket may collaterally estop a District Attorney from offering evidence at a suppression hearing in a felony case.
The pertinent facts are largely undisputed.
On August 18, 1992, police stopped the defendant’s vehicle for allegedly running a red light. The stop led to the discovery of a defaced weapon in the car and the defendant was arrested for its possession. At the precinct, the defendant was issued two traffic summonses, one charging him with passing the red light, the other with driving without a license.
On January 8, 1993, the instant indictment was filed. The first two counts each charged the defendant with criminal possession of a weapon in the third degree. The third count alleged that he had failed to obey a steady red signal and therefore had committed the infraction of failure to obey traffic control signal indications in violation of Vehicle and Traffic Law § 1111 (d) (1).
On March 24, 1993, while the indictment was pending in Supreme Court, a hearing was held on the traffic summonses at the Department of Motor Vehicles. The detective who stopped the defendant’s car testified and was cross-examined by defense counsel. At the conclusion of the hearing, the Administrative Law Judge announced: "I find [the defendant] not guilty on the red light [but] I do find him guilty on driving without a license.” The defendant was fined $200.
On this motion, the defendant contends first that the Administrative Law Judge’s not guilty verdict on the charge of running the red light requires dismissal of the third count of the indictment on grounds of double jeopardy.
Second, the defendant maintains that, because the verdict was rendered after a full and fair hearing and constituted a finding that he did not run the red light, the People are now collaterally estopped from attempting to prove at a suppression hearing that he did. The defendant argues further that, because the alleged running of the light was the sole predicate for the stop of the defendant’s vehicle and the consequent *525 discovery of the gun, the weapon must be suppressed and the counts charging its possession must be dismissed.
Resolution of the defendant’s double jeopardy claim would require consideration, inter alia, of the issues of whether an administrative hearing at the Department of Motor Vehicles has the attributes of a prior prosecution sufficient to place a person in "jeopardy” for the offense charged (cf., Matter of Barnes v Tofany, 27 NY2d 74; Matter of Giudice v Adduci, 176 AD2d 1175 [3d Dept]), and whether the Department was ousted of jurisdiction as an "inferior tribunal” immediately upon the filing of the indictment (cf., Matter of Oppenheim v Williams, 40 Misc 2d 106, 107 [Sup Ct, Sullivan County, Cooke, J.]; People v Edwards, 19 Misc 2d 412, 414 [Ct Gen Sess, NY County]). I decline to decide these and other similar issues because they relate only to the relatively insignificant question of the continued viability of a petty offense charge in a felony indictment.
Instead, because the defendant was previously acquitted of the charge, because it would be, at the least, unseemly for him to face punishment a second time on a traffic offense, and because, in the context of this felony case, dismissal of the petty offense would have no discernible impact upon the public’s confidence in the criminal justice system, I conclude that the third count should be dismissed in furtherance of justice (CPL 210.40). I turn then to the issue of collateral estoppel.
Sometimes called issue preclusion, collateral estoppel "is a common-law doctrine rooted in civil litigation that, when applied, prevents a party from relitigating an issue decided against it in a prior proceeding” (People v Aguilera, 82 NY2d 23, 29; see also, People v Goodman, 69 NY2d 32, 37; Matter of McGrath v Gold, 36 NY2d 406, 411). The doctrine applies generally to criminal matters (see, e.g., People v Sailor, 65 NY2d 224, 228, cert denied 474 US 982; People v Berkowitz, 50 NY2d 333, 344; see also, Ashe v Swenson, 397 US 436) but not in quite the same way as in civil cases (People v Plevy, 52 NY2d 58, 65).
In civil actions, society’s overriding concern is to provide a means for the peaceful, expeditious and impartial resolution of private disputes, and a liberal application of the doctrine of collateral estoppel furthers that end by conserving the time and resources of the court and the parties, and avoiding possible inconsistent determinations. Thus, even an erroneous *526 result may sometimes be given preclusive effect in order to serve other important societal goals (see, e.g., People v Aguilera, supra, at 30; People v Berkowitz, supra, at 345).
In criminal cases, however, the preeminent concern is to reach the correct result, and therefore repetitive litigation is more readily tolerated (see, e.g., People v Plevy, 52 NY2d 58, 64, supra; People v Berkowitz, supra, at 344). Thus, for reasons of public policy, the doctrine of collateral estoppel is more sparingly applied in criminal cases than in civil cases (see, e.g., People v Acevedo, 69 NY2d 478, 485; People v Fagan, 66 NY2d 815, 816).
Consequently, it has been held that the doctrine of collateral estoppel may not be applied in a criminal case unless the same parties were involved in a prior proceeding at which, after a full and fair hearing, the issue upon which preclusion is sought was necessarily decided against the party who opposes the estoppel (see, e.g., People v Goodman, 69 NY2d 32, 38, supra; People v Acevedo, supra, at 484). Under these criteria, the defendant’s claim in the instant case clearly must fail.
It is true that the doctrine of collateral estoppel can be applied to give conclusive effect even to an administrative agency’s quasi-judicial determinations provided that they are rendered pursuant to the agency’s adjudicatory authority and by a tribunal employing procedures substantially similar to those used in a court of law (see, e.g., Ryan v New York Tel. Co., 62 NY2d 494, 499). Thus, the hearing conducted at the Department of Motor Vehicles here may well qualify as a prior proceeding for the purposes of collateral estoppel. But there is considerable doubt as to whether the Commissioner of Motor Vehicles — the presumptive prosecutor at the administrative hearing — and the District Attorney of Queens County stand in sufficiently close relationship to be considered the same party for purposes of collateral estoppel (see, e.g., People v Walsh, 139 Misc 2d 182 [Monroe County Ct, Egan, J.]; People v Riola, 137 Misc 2d 616, 618 [Nassau Dist Ct, Jonas, J.]; People v Lalka, 113 Misc 2d 474 [Rochester City Ct, Bristol, J.]; cf., Matter of Mason v Rothwax, 152 AD2d 272 [1st Dept], lv denied 75 NY2d 705 [Federal and State prosecutors held not to be the same party for purposes of collateral estoppel]; People v Morgan, 111 AD2d 771 [2d Dept] [New York City Housing Authority and Queens County District Attorney held not to be the same party for purposes of collateral estoppel]; see also, Brown v City of New York, 60 NY2d 897 [Corporation *527 Counsel and District Attorney held not to be the same party for purposes of collateral estoppel]; Matter of Saccoccio v Lange, 194 AD2d 794 [2d Dept] [County Attorney and District Attorney held not to be the same party for purposes of collateral estoppel]; but see, People ex rel. Dowdy v Smith, 48 NY2d 477, 482 [District Attorney and Parole Board stand in sufficiently close relationship to permit application of doctrine of collateral estoppel]).
Moreover, there is serious question as to whether the District Attorney had a full and fair hearing at the Department of Motor Vehicles.
Any question as to whether a party had a full and fair opportunity to litigate a prior determination for purposes of collateral estoppel must be resolved in light of "the 'realities of the [prior] litigation’, including the context and other circumstances which, although not legal impediments, may have had the practical eifect of discouraging or deterring a party from fully litigating the determination which is now asserted against him [or her]” (People v Plevy, 52 NY2d 58, 65, supra; see also, Ryan v New York Tel. Co., 62 NY2d 494, 501, supra; People v Aguilera, supra, at 32-33). In this case, the District Attorney’s office did not participate in the administrative hearing and, indeed, there was no prosecutor present. The realities are that the District Attorney’s incentive to litigate at a Department of Motor Vehicles administrative hearing on a traffic ticket is not nearly as strong as at a felony prosecution (cf., People v Fagan, 66 NY2d 815, 816, supra).
Finally, the defendant’s claim must fail because no issue relevant to the suppression hearing was necessarily decided against the People at the administrative hearing.*
Whenever the doctrine of collateral estoppel is asserted, the court must ascertain precisely what the first judgment decided and how that determination bears on the issue presented at the second proceeding (see, e.g., People v Goodman, 69 NY2d 32, 40, supra). This requires consideration, not only of what facts the first judgment established, but also by what burden of proof.
In a criminal case, a guilty verdict necessarily reflects an affirmative finding beyond a reasonable doubt that each fac *528 tual element of the charge was proven and that the defendant is guilty of the crime. In contrast, "an acquittal on criminal charges does not prove that the defendant is innocent; it merely proves the existence of a reasonable doubt as to his [or her] guilt” (United States v One Assortment of 89 Firearms, 465 US 354, 361; see also, Dowling v United States, 493 US 342, 349).
Although, on occasion, a not guilty verdict in a criminal case can be ascribed to a reasonable doubt on a particular factual issue (see, e.g., Ashe v Swenson, 397 US 436, supra [identity]), it is more often true that the basis for an acquittal cannot be confidently determined (cf., People v Acevedo, 69 NY2d 478, 487, supra; People v Berkowitz, 50 NY2d 333, 346, supra). Consequently, in most instances, the only preclusive effect a not guilty verdict can have under the doctrine of collateral estoppel is the very one it has by reason of the constitutional prohibition against double jeopardy, viz., that the government may not again attempt to prove beyond a reasonable doubt that the defendant committed the same crime.
At the same time, however, "an acquittal * * * does not preclude the Government from relitigating an issue when it is presented in a subsequent [proceeding] governed by a lower standard of proof’ (Dowling v United States, supra, at 349 [emphasis supplied]; accord, People ex rel. Matthews v Division of Parole, 58 NY2d 196, 203; see also, One Lot Emerald Cut Stones v United States, 409 US 232, 235; United States v One Assortment of 89 Firearms, 465 US 354, supra; cf., Helvering v Mitchell, 303 US 391, 397; Matter of Arnold v Goosby, 186 AD2d 1037 [4th Dept 1992]).
At a Department of Motor Vehicles hearing on a traffic ticket, the burden is on the Commissioner to prove the defendant’s guilt by clear and convincing evidence (see, e.g., Matter of Ortenberg v Commissioner of Motor Vehicles, 191 AD2d 898 [3d Dept]). Thus, the Administrative Law Judge’s not guilty verdict here reflects nothing more than a finding that there was an absence of clear and convincing evidence that the defendant ran the red light; it does not, as the defendant maintains, constitute a finding that he did not run the light.
Consequently, even if all other requirements for the application of collateral estoppel were met, the doctrine would only preclude the District Attorney from again attempting to establish that the defendant ran the red light by clear and convincing evidence or by any higher standard of proof.
*529 At a hearing on a motion to suppress physical evidence, although the People bear the burden of going forward to show the legality of the police conduct in the first instance, the burden of proof is on the defendant to establish that the evidence was seized in violation of his or her constitutional rights (see, e.g., People v Berrios, 28 NY2d 361, 367; People v Burton, 130 AD2d 675 [2d Dept]). Thus, at any suppression hearing held in this case, the defendant will bear the burden of proving that he did not run the red light, or, more precisely, that the police did not have probable cause to believe that he did. And because the burden of proof will be on the defendant, the burden on the government will not merely be less than at the administrative hearing but will be different in kind (cf., United States v Alcatex, 328 F Supp 129, 134 [SD NY, Frankel, J.]). As a result, the doctrine of collateral estoppel could not operate at the suppression hearing to give any preclusive effect to the finding of the Administrative Law Judge.
Accordingly, for all of the foregoing reasons, the third count of the indictment should be dismissed, but the defendant’s motion for summary suppression of the weapon and for dismissal of the first two counts of the indictment should be denied.

 It is not relevant that the defendant’s running the red light was an "ultimate fact” at the administrative hearing but would be only an "evidentiary fact” at a suppression hearing (see, e.g., People v Acevedo, 69 NY2d 478, supra).