**PAT'S AUTO SALES, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 12, 1999.

Decided Jan. 12, 2000.

Paul J. Duca, Philadelphia, for appellant.

Elaine N. Blass and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellee.

Before SMITH, J., FLAHERTY, J., and JIULIANTE, Senior Judge.

SMITH, Judge.

This is an appeal by Pat's Auto Sales (Pat's) from the March 26, 1999 order of the Court of Common Pleas of Philadelphia County that upheld the decision of the Department of Transportation, Bureau of Motor Vehicles (DOT) to suspend Pat's license to issue temporary automobile registration cards and plates. Pat's claims that DOT's suspension is barred by the Double Jeopardy Clause of the United States and Pennsylvania Constitutions and by the doctrine of collateral estoppel because the citations issued to Pat's owner, James Mayberry, for the same violations were dismissed by the Philadelphia Traffic Court.

On March 20, 1995, Pennsylvania State Troopers Robert K. Johnson and Michael Pender investigated Pat's as part of a title-fraud investigation undertaken by DOT. Pat's had been licensed to issue temporary cards and plates for motor vehicles. Based on their investigation, the troopers determined that Pat's had failed to fill in driver's license numbers as proof of out-of-state residence as required by 67 Pa.Code § 43.5(d) and had failed to make and retain copies of insurance verification documents as required by Section 43.5(f)(3). They issued 10 citations for each class of violation. Mayberry, the sole owner of Pat's, was concurrently charged and appeared before the Philadelphia Traffic Court, where all charges were dismissed on June 29, 1995. DOT held a hearing to determine the merits of the violations on August 15, 1995, and it suspended Pat's authorization to issue temporary cards and plates for one month. Pat's then filed a

statutory appeal, and a hearing was held before the trial court on March 18, 1996.

The trial court determined that DOT presented sufficient evidence to establish the violations, and it rejected Pat's defenses that incomplete forms had been accepted before and that the copying machine was not working. However, the trial court did not address Pat's double jeopardy or collateral estoppel defenses. Pat's appealed to this Court, which remanded the case to the trial court to make necessary findings and to determine whether the double jeopardy and collateral estoppel claims were meritorious.[1] On remand, the parties stipulated to the facts, including that the charges litigated against Mayberry in Traffic Court were dismissed and were identical to those that formed the basis for DOT's suspension.

■ The trial court held on remand that the suspension was not barred by double jeopardy and collateral estoppel because a suspension or revocation of an individual's operating privilege is not a criminal "punishment" but is a collateral civil penalty which is intended to protect the general public. The court also noted that the Double Jeopardy Clause of the Fifth Amendment and of the Pennsylvania Constitution does not prohibit the imposition of both criminal and civil sanctions for the same conduct.[2]

Pat's first argues that the suspension of its license constitutes double jeopardy. Pat's acknowledges that the Double Jeopardy Clause does not bar a subsequent criminal prosecution following civil administrative proceedings.[3] *Hudson v. United States,* 522 U.S. 93, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997). Even if the legislature has indicated that a particular remedy is civil, however, the courts may inquire further as to whether the statutory scheme is so punitive that it is actually criminal in nature, as set forth in *Kennedy v. Mendoza–Martinez,* 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963). The factors to be considered are:

> Whether the sanction involves an affirmative disability or restraint; whether it has historically been regarded as a punishment; whether it comes into play only on a finding of *scienter;* whether its operation will promote the traditional aims of punishment—retribution and deterrence; whether the behavior to which it applies is already a crime; whether an alternative purpose to which it may rationally be connected is assignable for it; and whether it appears excessive in relation to the alternative purpose assigned.

*Id.,* 372 U.S. at 168–169, 83 S.Ct. at 554, 9 L.Ed.2d at 661 (footnotes omitted).

■ Pat's argues that the penalty demanded by DOT at the administrative proceeding was exactly the same as that considered by Traffic Court, and it therefore is criminal in nature. DOT responds by arguing that the imposition of a suspension should not be barred by double jeopardy because the interests of protecting the public are at hand. DOT asserts that Pat's has not met the burden of establishing that a civil administrative sanction amounts to criminal punishment. DOT cites *Hudson* in which the United States Supreme Court, citing *United States v. Ward,* 448 U.S. 242, 100 S.Ct. 2636, 65 L.Ed.2d 742 (1980), essentially extended

---

1. *Pat's Auto Sales v. Department of Transportation, Bureau of Motor Vehicles,* (Pa.Cmwlth., No. 894 C.D. 1996, filed July 17, 1997).

2. This Court's review is limited to determining whether the findings are supported by substantial evidence or whether an error of law has been committed. *Department of Transportation v. Notary Shoppe,* 117 Pa. Cmwlth. 615, 544 A.2d 98 (1988).

3. The Double Jeopardy Clause provides that no person shall be subject for the same offense to be twice put in jeopardy of life or limb. Protection afforded by the Double Jeopardy Clause of the Pennsylvania Constitution, Art. I, Section 10, is co-extensive with the rights guaranteed under the United States Constitution. *See Tandon v. State Board of Medicine,* 705 A.2d 1338 (Pa.Cmwlth.1997), *appeal denied,* 556 Pa. 682, 727 A.2d 134 (1998).

the *Kennedy* test to require the clearest of proof that the penalty imposed is criminal.

DOT contends that *Hudson* controls and that the Double Jeopardy Clause should not apply in this instance because the interests of the public are served if Pat's is reprimanded. In *Hudson* the petitioners, who were bank officials, were indicted for misapplication of bank funds. The Office of the Comptroller of the Currency imposed monetary penalties and occupational debarment on the petitioners, who had arranged for unlawful bank loans. After the administrative penalties were imposed, the Government indicted the petitioners on 22 counts of conspiracy, misapplication of bank funds and making false bank entries. In applying the *Kennedy* test the Court held that the Double Jeopardy Clause was not a bar to the later criminal proceedings. The statute on its face was not a criminal statute, and the legislature intended the punishment of monetary penalties and debarment to be civil in nature.[4]

Pat's has failed to meet its burden to prove that the Double Jeopardy Clause was violated. According to *Hudson* one who invokes the Double Jeopardy Clause must show with the clearest of proof that a civil sanction has been transformed into a criminal penalty. Pat's has also failed to clearly demonstrate that the legislature intended a criminal punishment or that the statutory scheme is criminal in its purpose and effect. Further, as opposed to analyzing the *Kennedy* factors and how it satisfies those factors, Pat's merely argues that both penalties are the same and that DOT's suspension is therefore barred. Because Pat's has not met its burden of proof, DOT's subsequent suspension may not be barred.

■ Pat's also argues that the suspension of its license is void under the collateral estoppel doctrine. Collateral estoppel will bar a subsequent cause of action if four elements are met: (1) the issue decided in the prior adjudication was identical with the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with the party to the prior adjudication; and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue and question in a prior action. *Department of Transportation v. Crawford,* 121 Pa.Cmwlth. 613, 550 A.2d 1053 (1988). Pat's asserts that all four elements are met in this case.

DOT submits that Pat's did not establish all four elements. First, DOT argues that a dismissal of criminal charges is not synonymous with a judgment of acquittal because it does not constitute a final disposition of the merits. DOT cites *Greco v. Pennsylvania Board of Probation and Parole,* 99 Pa.Cmwlth. 107, 513 A.2d 493 (1986), in which the Court held that where a petitioner's criminal charges were dismissed at the preliminary hearing stage, there had not been a final determination of facts by a court of law prior to the petitioner's parole revocation hearing. DOT also argues that there is no common identity of parties in the Traffic Court and the suspension proceedings. DOT notes that the Court has consistently held that the "Commonwealth" in a criminal prosecution is not the same party as the Department in an administrative appeal. *Yi v. Department of Transportation, Bureau of Driver*

---

4. In *Nicoletti v. State Board of Vehicle Manufacturers, Dealers and Salespersons,* 706 A.2d 891 (Pa.Cmwlth.1998), the petitioner was arrested and indicted for conspiring to defraud insurance companies through a scheme in which persons delivered their cars to the petitioner's dealership and reported the cars as stolen to their insurance companies. After he was indicted, the State Board of Motor Vehicles, pursuant to Section 19(4) of the Board of

Vehicles Act, Act of December 22, 1983, P.L. 306, *as amended,* 63 P.S. § 8l8.19(4), suspended his dealer and salesperson licenses. On appeal the Court, citing *Sweeny v. State Board of Funeral Directors,* 666 A.2d 1137 (Pa.Cmwlth.1995), held that because the Board revoked the petitioner's licenses as a remedial measure to protect the interest of the public, the State Board of Motor Vehicles did not violate his constitutional rights.

*Licensing,* 166 Pa.Cmwlth. 214, 646 A.2d 603 (1994).

■ The Court agrees that Pat's has not established these two elements of the four-factor test. In *Crawford* the Court had to determine whether DOT was collaterally estopped from establishing in a civil license suspension proceeding that the licensee refused to submit to chemical testing because it had been previously determined in a prior criminal proceeding that the licensee did not refuse to submit to a breathalyzer. The Court held that the outcome of the criminal proceeding could not collaterally estop DOT from suspending a motorist's license in a civil proceeding because DOT and the district attorney are not the same party or in privity. Additionally, the Court stated that DOT's civil suspension proceeding is separate and distinct from the criminal proceeding initiated by the district attorney. Here, the Traffic Court and the suspension proceedings were initiated on behalf of different parties, just as in *Crawford.* Therefore, collateral estoppel does not apply. Accordingly, the order of the trial court is affirmed.

## *ORDER*

AND NOW, this 12th day of January, 2000, the order of the Court of Common Pleas of Philadelphia County is affirmed.