IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barton Washington      :
           :
           :
    v.      : No. 581 C.D. 2022
           : Argued: June 7, 2023
Commonwealth of Pennsylvania,  :
Department of Transportation,   :
Bureau of Driver Licensing,    :
        Appellant :

BEFORE:  HONORABLE RENÉE COHN JUBELIRER, President Judge
      HONORABLE PATRICIA A. McCULLOUGH, Judge
      HONORABLE ANNE E. COVEY, Judge
      HONORABLE CHRISTINE FIZZANO CANNON, Judge
      HONORABLE ELLEN CEISLER, Judge
      HONORABLE LORI A. DUMAS, Judge
      HONORABLE STACY WALLACE, Judge

OPINION
BY JUDGE WALLACE       FILED: August 9, 2023

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT), appeals from the order of the Court of Common Pleas of Philadelphia County (trial court) dated June 3, 2022, sustaining the appeal of Barton Washington (Licensee) from DOT's one-year suspension of his operating privilege under Section 1532(b)(3) of the Vehicle Code,[1] 75 Pa.C.S. § 1532(b)(3).

---

[1] 75 Pa.C.S. §§ 101-9805.

DOT imposed its license suspension following Licensee's conviction for conspiracy[2] to violate Section 3733 of the Vehicle Code, 75 Pa.C.S. § 3733, fleeing or attempting to elude a police officer (fleeing or eluding). After review, we affirm the trial court's order.

## BACKGROUND

The Philadelphia Police charged Licensee with numerous criminal offenses including, in relevant part, fleeing or eluding and conspiracy to commit fleeing or eluding, following an incident that occurred on March 7, 2019, in which Licensee was the passenger in a vehicle. Reproduced Record (R.R.) at 73a-74a. To resolve his criminal case, Licensee pled guilty to the conspiracy charge on October 18, 2021, pursuant to a plea agreement he negotiated with the Philadelphia District Attorney's Office (DAO). *Id.* The DAO dropped, by nolle pros, the remaining charges, including the substantive charge of fleeing or eluding. *Id.*

Following Licensee's conviction, trial court's clerk of courts submitted a DL-21 report[3] regarding Licensee's conviction to DOT. R.R. at 29a. The DL-21 report informed DOT that Licensee was convicted of violating Section 3733 of the Vehicle Code, fleeing or eluding, but indicated in a separate box that the charge was "CONSPIRACY – FLEEING OR ATTEMPTING TO ELUDE OFFICER." *Id.* By notice mailed October 27, 2021, DOT then warned Licensee his driving privilege would be suspended for one year, effective October 27, 2021, due to his "conviction

---

[2] *See* 18 Pa.C.S. § 903.

[3] The DL-21 is a report sent by the clerk of courts of a Court of Common Pleas to DOT showing a defendant's conviction or acquittal of any Vehicle Code offense in accordance with Section 6323 of the Vehicle Code, which requires the "clerk of any court of this Commonwealth, within ten days after final judgment of conviction or acquittal or other disposition of charges under any provisions of this title . . . send to [DOT] a record of the judgment[.]" 75 Pa.C.S. § 6323.

of violating Section 3733 of the Vehicle Code FLEEING POLICE OFFICER on 03/07/2019." R.R. at 6a. Licensee appealed to the trial court.

The trial court held a de novo hearing on June 3, 2022. R.R. at 20a. By order dated June 3, 2022, the trial court sustained Licensee's appeal and rescinded the suspension. In its Pa. R.A.P. 1925(a) Opinion (1925(a) Opinion), the trial court relied on the doctrine of collateral estoppel to conclude that because Licensee had entered into a negotiated guilty plea with the DAO in the criminal matter, DOT was collaterally estopped from seeking the license suspension. Specifically, the trial court explained:

> The instant matter satisfies the four (4) requisite elements for the application of the doctrine of collateral estoppel. First, the issue in the instant matter is identical to the one presented in the prior action, namely whether [Licensee] was guilty of violating Section 3733. Second, the prior action resulted in a final judgment, namely the charge grounded in Section 3733 was nolle prossed. Third, the party in the prior action, the Commonwealth of Pennsylvania, and the party in the instant matter, the Commonwealth of Pennsylvania Department of Transportation, Bureau of Driver Licensing, are in privity with each other as the latter is a department of the former. Fourth, the Commonwealth of Pennsylvania had a full and fair opportunity to litigate the issue grounded in Section 3733 in the prior action. Accordingly, the doctrine of collateral estoppel is applicable.

1925(a) Opinion at 3-4 (internal citations and footnotes omitted). DOT now appeals to this Court.

On appeal, DOT argues the trial court erred because DOT properly imposed Licensee's operating privilege suspension in accordance with Section 1532(b)(3) of the Vehicle Code following Licensee's conviction for conspiracy to commit fleeing or eluding. DOT's Br. at 10. DOT also argues the trial court erred as a matter of law in holding that DOT was collaterally estopped from imposing the suspension of Licensee's operating privilege. *Id.* at 4. In response, Licensee contends DOT's

argument, that conspiracy is equivalent to fleeing or eluding, was not raised before the trial court and is, therefore, waived and DOT lacks authority to suspend a license based on a conspiracy conviction. Licensee's Br. at 7-11.

## ANALYSIS

In reviewing a trial court's decision to sustain or deny a license suspension appeal, we are limited to "determining whether the trial court's findings are supported by [substantial] evidence, whether errors of law have been committed, or whether the trial court's determinations demonstrate a manifest abuse of discretion." *McCloskey v. Dep't of Transp., Bureau of Driver Licensing*, 722 A.2d 1159, 1161 (Pa. Cmwlth. 1999). This Court may affirm a trial court's order on any basis appearing in the record. *Feldman v. Lafayette Green Condo. Ass'n*, 806 A.2d 497, 502 n.3 (Pa. Cmwlth. 2002).

### Doctrine of Collateral Estoppel

We begin by addressing DOT's assertion that the trial court erred as a matter of law in concluding DOT was collaterally estopped from imposing the suspension of Licensee's operating privilege. In this regard, we agree with DOT.

Collateral estoppel effectively bars a subsequent cause of action if the following four elements exist:

> (1) the issue decided in the prior adjudication was identical with the present action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was in privity with the party to the prior adjudication; and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action.

*Glasgow v. Dep't of Transp.*, 529 A.2d 576, 581 (Pa. Cmwlth. 1987). This Court has previously held that "the outcome of [a] criminal proceeding cannot collaterally estop [DOT] from suspending a motorist's license in civil proceedings." *Dep't of*

4

*Transp. v. Crawford*, 550 A.2d 1053, 1054-55 (Pa. Cmwlth. 1988). In *Crawford*, we considered whether DOT was estopped from establishing, in a civil license suspension proceeding, that a licensee refused to submit to chemical testing where a trial court determined, with respect to the criminal charges, that the licensee did not refuse to submit to a breathalyzer. *Id*. at 1054. Our Court addressed this issue as follows:

> Clearly, the third and fourth elements of the "collateral estoppel" test are not present here. Firstly, we do not believe [DOT] and the District Attorney stand in sufficient relationship so that [DOT] could be considered the same party as, or in privity with the District Attorney. Secondly, as we have already stated, [DOT's] civil suspension proceeding is separate and distinct from the criminal proceeding initiated by the . . . District Attorney.

*Id*. at 1054-55.

Thus, consistent with our prior decision, we conclude the trial court erred in determining DOT was collaterally estopped from pursuing the license suspension. The DAO and DOT are not the same party nor are they in privity, and the criminal and civil proceedings are distinct and separate matters. DOT did not participate in the criminal proceeding, which was handled by the DAO, and thus did not have a full and fair opportunity to litigate the issue in question. However, this does not end our inquiry, as we must consider whether, despite this error, the trial court properly sustained Licensee's suspension appeal.

**Operating Privilege Suspension**

Before we address the merits of DOT's argument that it properly imposed an operating privilege suspension because Licensee's conviction for conspiracy is "equivalent" to a conviction for the substantive offense of fleeing or eluding, we must address whether DOT has waived this issue.

5

Rule 302(a) of the Pennsylvania Rules of Appellate Procedure provides "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa. R.A.P. 302(a). However, in *Wert v. Department of Transportation, Bureau of Driver Licensing*, 821 A.2d 182, 186 n.9 (Pa. Cmwlth. 2003), we noted that while the "issue must be preserved, . . . this does not mean every argument is written in stone at the initial stage of litigation." *Id.* (citation omitted). "We do not believe that Pa. R.A.P. 302(a) requires a litigant to make identical arguments at each stage of his case." *Id.* Further, this Court has held that an argument is properly preserved for appeal if a party includes the argument in its Pa. R.A.P. 1925(b) statement. *Venafro v. Dep't of Transp., Bureau of Driver Licensing*, 796 A.2d 384, 388 n.4 (Pa. Cmwlth. 2002).

A review of the record reveals that throughout these proceedings, DOT has maintained that it properly imposed the one-year operating privilege suspension required by Section 1532(b)(3) of the Vehicle Code due to Licensee's conviction. DOT acknowledged Licensee's conviction for conspiracy in its Pa. R.A.P. 1925(b) Statement of Errors Complained of on Appeal, indicating:

> [DOT] believes the [t]rial [c]ourt sustained the appeal because the evidence shows [Licensee] was convicted of conspiracy to flee or elude an officer. [DOT] believes the court that convicted [Licensee] reported a conviction for violation Section 3733 to [DOT] in the way it did because that court wanted a suspension to be imposed on [Licensee] under 18 Pa.C.S. § 905 (relating to grading of criminal attempt, solicitation and conspiracy) and 75 Pa.C.S. § 1532(b)(3).

R.R. at 61a-62a. DOT acknowledges Licensee's conviction for conspiracy and sets forth its position that Licensee is still subject to Section 1532(b)(3)'s operating privilege suspension. While DOT does not use the word "equivalent" as it does in its brief to this Court, it has maintained its position that Licensee's conviction for

conspiracy to commit fleeing or eluding is a sufficient basis on which to apply Section 1532(b)(3)'s operating privilege suspension. Accordingly, we conclude DOT's issue was sufficiently preserved for appeal. Thus, we turn to the merits of this issue.

Section 1532(b)(3) of the Vehicle Code mandates a 12-month operating privilege suspension upon receipt of a certified record of any driver's conviction of

> [S]ection 3733 (relating to fleeing or attempting to elude police officer) or a substantially similar offense reported to [DOT] under Article III of [S]ection 1581 (relating to Driver's License Compact), or an adjudication of delinquency based on [S]ection 3733. [DOT] shall suspend the operating privilege of any driver for six months upon receiving a certified record of a consent decree granted under 42 Pa.C.S. Ch. 63 (relating to juvenile matters) based on Section 3733.

75 Pa.C.S. § 1532(b)(3). The Vehicle Code specifically defines a driver as a "person who drives or is in actual physical control of a vehicle." 75 Pa.C.S. § 102.

> Section 3733 of the Vehicle Code defines fleeing or eluding as

> [a]ny **driver** of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop[.]

75 Pa.C.S. § 3733 (emphasis added). Meanwhile, the crime of conspiracy is committed when a person conspires with

> another person or persons to commit a crime if with the intent of promoting or facilitating its commission he: (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

7

18 Pa.C.S. § 903.

In interpreting statutes, we are tasked with ascertaining and effectuating the intent of the General Assembly. 1 Pa.C.S. § 1921(a). The Statutory Construction Act of 1972 directs that "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(c). Moreover, words and phrases may be added in construing a statute only when the added words are necessary to a proper interpretation, and so long as they do not, in any way, affect the statute's scope and operation. 1 Pa.C.S. § 1923(c).

The plain language of Section 1532(b)(3) of the Vehicle Code clearly and unambiguously mandates that a driver convicted of fleeing or eluding is subject to a license suspension. *See* 75 Pa.C.S. § 1532(b)(3). Here, the record reveals Licensee was neither the driver nor convicted of fleeing or eluding. DOT asks us to conclude that Licensee's conviction for conspiracy is "equivalent" to these statutory requirements. However, the inclusion of inchoate offenses, including conspiracy, modifies the plain language of the statute and expands its reach beyond what the legislature explicitly included. *See id.* Section 1532(b)(3) of the Vehicle Code makes no mention of convictions for conspiracy or "equivalent" offenses to fleeing or eluding, and we will not expand its application to a passenger with a conspiracy conviction. Moreover, our Pennsylvania Supreme Court has specifically indicated that conspiracy to commit an offense and the completed substantive offense are separate crimes with separate elements. *Commonwealth v. Miller*, 364 A.2d 886, 887 (Pa. 1976). Thus, contrary to DOT's assertions, these are not "equivalent" offenses.

Because the language is clear, we need not reach and analyze legislative intent. However, it is worth noting that this result makes sense considering the legislature's goal in suspending operating privileges. In the criminal realm, a conspirator may be found as criminally responsible as the co-conspirator in an underlying crime for which he or she will be punished. Here, however, we are in the civil realm where only a driver who drove or was in actual physical control of the vehicle loses his license. It makes sense, for public safety, for only the driver who flees or attempts to elude a police officer to lose his operating privilege. Because Licensee was convicted of conspiracy, rather than fleeing or eluding, and because he was a passenger in the vehicle rather than the driver, Section 1532(b)(3)'s operating privilege suspension is not applicable.

## CONCLUSION

While the trial court erred by concluding DOT was collaterally estopped from pursuing a license suspension due to Licensee's plea agreement with the DAO, it nevertheless properly sustained Licensee's license suspension appeal as Licensee is not subject to Section 1532(b)(3)'s operating privilege suspension. Accordingly, we affirm the trial court's order.

_____
STACY WALLACE, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Barton Washington | : | |
| | : | |
| v. | : | No. 581 C.D. 2022 |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | |
| Appellant | : | |

# **O R D E R**

**AND NOW**, this 9th day of August 2023, the order of the Court of Common Pleas of Philadelphia County, dated June 3, 2022, is **AFFIRMED** for reasons consistent with the foregoing Opinion.

_____
STACY WALLACE, Judge