William H. SWEENY, Petitioner,

v.

**STATE BOARD OF FUNERAL DIRECTORS, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1995.
Decided Oct. 26, 1995.

John T. McLane for petitioner.

Gerald S. Smith for respondent.

Before COLINS, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

PELLEGRINI, Judge.

William H. Sweeny (Sweeny) appeals a decision of the State Board of Funeral Directors (Board) revoking his funeral director's license under Section 11 of the Funeral Director Law (Law).[1]

In November, 1990, Sweeny, a licensed funeral director, was appointed the administrator for the estate of Michael Oscinsky, an estate that had no apparent heirs. Through this position, Sweeny conspired with the attorney for the estate to appropriate approximately $140,000.00 from the estate. The portion of the money appropriated by Sweeny was used to refurbish his funeral home that had deteriorated due to his finan-

cial problems. In a criminal action pending against Sweeny for this incident, he pled guilty to one felony count of theft by failure to make required disposition of funds received [2] and two counts of criminal conspiracy.[3]

On September 8, 1993, the Bureau of Professional and Occupational Affairs (Bureau) served a Notice and Order to Show Cause upon Sweeny, contending that, because he had pled guilty to the criminal charges stemming from his appropriation of funds from the Oscinsky estate, his funeral director's license should be revoked and a monetary penalty should be assessed against him. A hearing was held before the Board, during which Sweeny presented evidence of his good character and reputation, his attempts to make restitution to the Oscinsky estate, and his remorse for his actions.

At the conclusion of the hearing, the Board found that Sweeny had made full restitution to the Oscinsky estate, was remorseful for his misconduct, and had fully cooperated with the criminal investigation involving his misappropriation of money. The Board also found that Sweeny's reputation in the community remained positive despite his criminal conviction.[4] Nevertheless, the Board concluded that, as a funeral director, Sweeny holds a position of trust within the community. Citing to its obligation to protect the public from funeral directors who breach that trust, the Board revoked Sweeny's funeral director's license. The Board declined to assess any monetary penalty against Sweeny. Following the denial of his petition for reconsideration, Sweeny appeals to this Court.[5]

Sweeny contends that the Board's revocation of his funeral director's license constitutes double jeopardy, and therefore, is unconstitutional. Citing to the United States Supreme Court cases of *United States v.*

1. Act of January 14, 1952, P.L. (1951) 1898, § 11, *as amended*, 63 P.S. § 479.11.

2. 18 Pa.C.S. § 3927.

3. 18 Pa.C.S. § 903(a)(1).

4. The Board further noted that Sweeny suffers from several serious medical problems.

5. Our scope of review is limited to determining whether the Board violated Sweeny's constitutional rights, committed an error of law, or based its conclusion on a material finding of fact that is not supported by substantial evidence. *Ciavarelli v. State Board of Funeral Directors*, 129 Pa. Cmwlth. 305, 565 A.2d 520. (1989).

*Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), and *Department of Revenue of Montana v. Kurth Ranch,* —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), Sweeny argues that the revocation of his license constitutes punishment for his conduct in misappropriating money from the Oscinsky estate.[6] Because he had already pled guilty to criminal charges stemming from this conduct and had been sentenced to probation and a fine, Sweeny argues that the revocation of his license based upon that conduct amounts to a second punishment for the same offense and violates the double jeopardy clause.

■ The double jeopardy clauses of both the United States and Pennsylvania Constitutions prohibit multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Commonwealth v. Hogan,* 482 Pa. 333, 393 A.2d 1133 (1978). They do not, however, preclude the imposition of a civil penalty for conduct for which a criminal conviction has already been obtained. *Helvering v. Mitchell,* 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1937); *L.W.B. v. Sosnowski,* 117 Pa.Cmwlth. 120, 543 A.2d 1241 (1988). As a general rule, the protection against double jeopardy does not apply in civil proceedings, such as those before administrative agencies, that result in civil penalties. *In re Friedman,* 72 Pa.Cmwlth. 274, 457 A.2d 983 (1983).

■ This distinction between civil and criminal penalties for purposes of double jeopardy has been expanded upon by the United States Supreme Court in *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). In *Halper,* the Supreme Court held that, in order to determine whether double jeopardy applies to administrative proceedings, one must look, not to the legislature's classification of the penal-

ty as being civil or criminal, but instead, to the penalty imposed and the purposes that penalty may fairly be said to serve. *Id.* If the civil sanction can be characterized only as a deterrent or as punishment for the conduct in question, then double jeopardy would prevent the imposition of that sanction. *Id.*

■ The Supreme Court subsequently applied this analysis in *Department of Revenue of Montana v. Kurth Ranch,* —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), when it examined the constitutionality of Montana's tax on dangerous drugs which the state sought to impose after a conviction for the possession of drugs had been obtained and after the state had succeeded on its forfeiture proceedings. Citing to the facts that the tax is not imposed upon an individual unless he or she has been convicted of a specific crime, that the tax is assessed against property that the individual no longer possesses due to confiscation and destruction by the state, and that the amount of the tax was approximately eight times the value of the drugs, the Supreme Court concluded that the tax was fairly characterized as a punishment. *Id.* In so doing, however, the Supreme Court recognized that a civil penalty, that is remedial in nature and is not punitive, does not violate an individual's protection from double jeopardy. *Id.*

In the present case, because the Board's revocation of Sweeny's license, was premised upon Sweeny's guilty plea to theft and criminal conspiracy, we must apply the *Halper* analysis to determine whether he was placed in double jeopardy. As the Board argues in its brief, and as set forth in its decision, Sweeny's license was not revoked for the purpose of punishing him.[7] Rather, the revocation occurred because Sweeny had breached the trust which the public had placed in him as a funeral director, and because the Board is charged with the respon-

---

**6.** Sweeny also cites to *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), in which the Supreme Court held that civil forfeiture constitutes punishment for purposes of the Excessive Fines Clause under the Eighth Amendment. That holding, however, was based upon the specific statutory scheme of the forfeiture statute, including the innocent owner defense. Moreover, *Austin* did not address the

issue of punishment with respect to the Double Jeopardy Clause, and therefore, is not directly applicable to this case.

**7.** This conclusion is further supported by the fact that the Board did not impose a civil penalty against Sweeny, despite a request from the Bureau to do so.

sibility of protecting the public from further breaches of that trust. The actions of the Board, as they pertained to Sweeny, cannot be characterized as being deterrent or punitive in nature, and therefore, they did not violate his right not to be subject to double jeopardy.

■ Sweeny also argues that the revocation of his license was an unduly harsh punishment. Under Section 479.11 of the Law, the Board is vested with the discretion to determine the appropriate sanction to be imposed upon a licensee for his or her misconduct. *Vogelman v. Board of Funeral Directors,* 121 Pa.Cmwlth. 455, 550 A.2d 1367 (1988). The penalty imposed by the Board will not be overturned absent an abuse of this discretion. *Givnish v. Board of Funeral Directors,* 134 Pa.Cmwlth. 146, 578 A.2d 545 (1990). In other words, the Board's determination of an appropriate penalty will be reversed only if this Court determines that it is excessively harsh, i.e., unreasonable in light of the violation. *Id.; see also Hendrickson v. State Board of Medicine,* 108 Pa.Cmwlth. 124, 529 A.2d 78 (1987).

Here, Sweeny pled guilty to the criminal charges stemming from his appropriation of funds from an estate to which he was appointed an administrator. Under Section 11 of the Law,[8] this provided a basis for the Board to revoke Sweeny's license. Moreover, because Sweeny, in his position as a funeral director, is entrusted with money and property belonging to the estate of the deceased or the family of the deceased, and because Sweeny breached the public trust, it was not unreasonable for the Board to revoke his license in order to protect the public from such future misappropriations. Consequently, the Board did not abuse its discretion in revoking Sweeny's license.[9]

Accordingly, the order of the Board revoking Sweeny's license is affirmed.

---

8. 63 P.S. § 479.11

9. Sweeny also argues that the Board erroneously relied upon the standards and sanctions that have been imposed upon attorneys by the Pennsylvania Supreme Court. Despite this contention, and in light of the fact that Section 11 of the Law specifically vests the Board with the authority to revoke a license if the licensee has been

## ORDER

AND NOW, this 26th day of October, 1995, the order of the State Board of Funeral Directors at No. 0339–48–93, dated February 1, 1995, is affirmed.

KELLEY, Judge, dissenting.

I respectfully dissent.

I believe the Board abused its discretion when it revoked Sweeny's license as a funeral director.

The Board made note and observed that Sweeny, by appointment and two successive elections, served as coroner in Lackawanna County until his resignation, following his pleading guilty to misappropriating funds, which arose out of his responsibilities as administrator of an estate. The Board further noted that Sweeny's reputation in the community still remains high, notwithstanding his plea of guilty.

Discretion requires a proper allocation of penalties to the degree of infringement or violation of codes of conduct. The misappropriation of funds arose by Sweeny's irresponsibility as an administrator of an estate and did not have anything to do with his performance as a licensed funeral director. The reputation of Sweeny remains high subsequent to his plea of guilty. I believe that this court must consider Sweeny's conduct pursuant to his responsibilities as a funeral director in comparison with his misappropriation of funds unrelated to funeral director activities.

Respectfully, therefore, I believe that the Board abused its discretion and I would reverse the Board.

COLINS, President Judge, joins in this dissenting opinion.

convicted of a crime of moral turpitude, there is nothing in the record to indicate that the Board did consider the sanctions imposed by the Supreme Court. Moreover, even if the Board did consider those sanctions, having found that the revocation was reasonable and not an abuse of discretion, we cannot overturn its determination.