John M. GOLDBERGER, Petitioner,

v.

STATE Board of Accountancy, Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 2003.

Decided Oct. 10, 2003.

**816**

Larry H. Spector, Philadelphia, for petitioner.

Steven Wennberg, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, LEADBETTER, Judge, and KELLEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

John M. Goldberger (Goldberger) appeals from an order of the State Board of Accountancy (Board) revoking his certificate of certified public accountant as a disciplinary sanction for misconduct associated with an audit of a publicly-traded company.

Goldberger held a certificate of certified public accountant (No. CA–016321–R) and current biennial license to practice public accounting in Pennsylvania. From 1982 to August of 1995, Goldberger was an audit partner in the Pittsburgh office of Grant

Thornton, LLP (Grant Thornton), a national public accounting firm, with headquarters in Chicago. From 1983 to April of 1992, Grant Thornton was the independent auditor for Chambers Development Co., Inc. (Chambers), a publicly-traded, Pittsburgh-based company, and Goldberger, as an audit partner on the 1990 Chambers' audit, was responsible for reviewing and approving the audit programs and work papers for that year's audit. Beginning in 1989 and continuing through 1990, Chambers understated its expenses and overstated its earnings by engaging in fraudulent capitalization practices relating to landfill site acquisition and development costs.

On March 5, 1996, the SEC issued an order denying Goldberger and Calvin Kirk French, a senior manager from Grant Thornton also involved in the Chamber's audit, the privilege of appearing or practicing before the SEC as accountants. The SEC's enforcement action against Goldberger was based on a determination that he had failed to conduct the 1990 Chambers' audit in accordance with generally accepted auditing standards, and that this conduct constituted "improper professional conduct." Specifically, the SEC found that Goldberger had (1) failed to obtain sufficient competent evidence to afford a reasonable basis for Grant Thornton's opinion on Chambers' financial statements; (2) failed to properly assess whether Chambers' financial statements were fairly presented in conformity to generally accepted accounting principles; and (3) failed to exercise due professional care in the performance of an audit.

■ On April 7, 1998, the Board placed Goldberger's license on inactive status at his request. In September 1999, contingent on the Board's approval, Goldberger and the Commonwealth entered into a consent agreement regarding the imposition

of a disciplinary sanction based on the SEC's enforcement action. On December 16, 1999, the Board disapproved the consent agreement. On May 27, 2000, Goldberger was served by certified mail an Order to Show Cause which explained the disciplinary charges against him and advised him of his right to a formal hearing. Goldberger filed an Answer with New Matter to the Rule, and on January 22, 2001, waived his right to a formal hearing. The Commonwealth then filed a Motion for Judgment on the Pleadings. On July 23, 2002, the Board ordered that Goldberger's certificate of CPA be revoked retroactive to April 7, 1998. This appeal followed.[1]

## I.

█ Because Section 9.1(8) of The C.P.A. Law[2] empowers the Board to take disciplinary action against a certified public accountant whose right to practice before any federal or state agency has been suspended or revoked, Goldberger does not dispute that the Board can revoke his CPA license as a result of the SEC denying him the privilege of appearing or practicing before the SEC as an accountant for 18 months due to his negligence while serving as audit partner during Grant Thornton's 1990 audit of the financial statements of Chambers.[3] What he is contending is that the Board acted arbitrarily and abused its discretion when it revoked his CPA certificate, the most extreme penalty allowed, for conduct less culpable than that of others involved in the same audit who were sanctioned with only suspensions or reprimands.

As to whether the revocation penalty was warranted, the Board found that the seriousness and magnitude of Goldberger's audit failures and the need to deter similar misconduct, not only on Goldberger's part but, more importantly, on the part of other auditors still active in practice, required revocation of his CPA certificate. It reasoned:

> The Board considers [Goldberger's] violations very serious. The importance of a reliable audit process to the proper and orderly function of the financial markets cannot be overstated. Millions of investors in publicly traded companies make investment decisions that are based in whole or in part on the verisimilitude of companies' financial statements as attested to by their independent auditors. [Goldberger's] misconduct contributed to [Grant Thornton LLP's] issuance of an audit report that endorsed financial reporting by Chambers that falsely inflated the company's net earnings by $75 million for 1990 through the use of fraudulent capitalization methods.

1. Unless the occupational licensing board is accused of bad faith or fraud, an allegation not made by Goldberger, the scope of appellate review of a licensing board's disciplinary sanction is "limited to the determination of whether there has been a manifest and flagrant abuse of discretion or a purely arbitrary execution of the agency's duties or functions." *Slawek v. State Board of Medical Education and Licensure*, 526 Pa. 316, 322, 586 A.2d 362, 365 (1991), quoting *Blumenschein v. Pittsburgh Housing Authority*, 379 Pa. 566, 572–73, 109 A.2d 331, 334–335 (1954).

2. The C.P.A. Law, Act of May 26, 1947, P.L. 318, *as added by* Act of September 2, 1961, P.L. 1165, 63 P.S. §§ 9.9a (8).

3. Violation of Section 9.1(8) of The C.P.A. Law, 63 P.S. § 9.9a(8), provides for the following sanctions: formal censure or reprimand, additional continuing education, more frequent peer reviews, restrictions on practice, and suspension or revocation of certificate of certified public accountant. Under Section 16(c) of The C.P.A. Law, 63 P.S. § 9.16(c), a civil penalty of up to $1,000 for a violation of Section 9.1(8) can also be imposed.

Goldberger waived his right to attend a formal hearing to present mitigating evidence. Given the seriousness of the harm caused by his conduct, the absence of mitigating evidence, and the need to deter such conduct in the future, the Board did not commit a manifest and flagrant abuse of discretion when it revoked Goldberger's certificate of CPA.

Even if the revocation sanction standing alone was not a manifest abuse of discretion, Goldberger contends that the revocation of his CPA certificate is inconsistent with disciplinary sanctions imposed by the Board involving three other parties involved in connection with the Chambers' audit Richard A. Knight, a CPA and chief financial officer of Chambers, who surrendered his license; Calvin French, an audit manager serving under Goldberger, who was suspended for 18 months; and Grant Thornton, LLP, which was reprimanded and fined $10,140 itself.[4] He claims that because his sanction was more severe in comparison to the sanctions imposed in those proceedings, it shows that the Board acted arbitrarily and abused its discretion.

Because he waived his right to a hearing, Goldberger offered no mitigating evidence as to the nature of his involvement in the audit or if he cooperated with investigators to aid the Board in deciding his penalty. Moreover, after the decision was filed, no request for reconsideration was ever filed by Goldberger contending that the penalties were disproportionate. Based on the Board's explanation, which appears to be based on undisputed facts, the difference in penalties between other punishments imposed on those other CPAs involved in the audit of Chambers is as follows:

- **Knight.** Unlike Goldberger, who is eligible to regain his license by retaking the CPA exam, Knight entered into a consent decree with the Board to surrender his license and not ever practice accountancy again. Unless the Board modifies the consent decree, Knight is forever barred from retaking the CPA exam.

- **French.** Unlike Goldberger, French asked for a mitigation hearing where he explained his role in disclosing the improper accounting practices. Goldberger had more culpability than French because he was the audit partner in charge of the audit.

- **Grant Thornton.** Unlike the CPAs, Grant Thornton was neither punished by the SEC for its conduct in the Chambers' audit nor was there ever found any systemic failure on its part to supervise its auditors.

Given those explanations, we cannot say that the Board abused its discretion by revoking Goldberger's license.

## II.

■ Goldberger also contends that his due process rights were violated because he did not have an opportunity to respond to the changing regulatory mood caused by the Enron and World Com accounting scandals which occurred during the 18 months the Board waited to impose disciplinary sanctions against him which he believes led to the sanction being more severe. While the lapse of time between

4. A consent agreement was approved on April 24, 2001, in the matter of *Bureau of Professional and Occupational Affairs v. Richard A. Knight* (Dkt. No. 0339–55–00, File No. 96–55–01360); a consent agreement was approved November 8, 1999, in the matter of *Bureau of Professional and Occupational Affairs v. Grant Thornton, LLP* (Dkt. No. 0259–MISC–98, File No. 96–55–02908); and an adjudication and order was issued February 7, 2002, in the matter of *Bureau of Professional and Occupational Affairs v. Calvin Kirk French, CPA* (Dkt. No. 0385–55–99, File No. 96–55–02143).

the close of the record and the issuance of a decision can give rise to a violation of due process, it must be shown that some harm or prejudice to a petitioner's interests was caused by the delay. *Williams v. Joint Operating Committee of Clearfield County Vocational Technical School,* 824 A.2d 1233 (Pa.Cmwlth.2003).

As to personal harm to Goldberger, just by the delay in general, there can be no personal harm to any interest in Goldberger having the matter decided earlier because he did not intend to practice public accountancy again. Also, the furor of the failure of high profile corporations due aided and abetted by negligent and fraudulent accounting was extraneous to the proceeding and, in any event, could have occurred at any time the proceeding was underway. Finally, other than saying so, he offers no evidence to support his contention that the Board was improperly influenced by public concern over these accounting scandals. The Board's adjudication and order did not reference these other accounting scandals, and there is no evidence that these scandals were in any way related to the misconduct that occurred during the 1990 Chambers' audit. Moreover, as explained above, the Board's revocation of Goldberger's CPA certificate was an appropriate exercise of discretion and not disproportionate to other penalties meted out to the other CPAs involved that occurred prior to the unfolding scandal. For these reasons, Goldberger has failed to make out a claim that his due process rights were violated because of the Board's delay in issuing its decision.

In a variation on a theme, Goldberger also claims that the Board should have been estopped by laches because it waited 18 months after he waived a hearing to issue its sanction, and it should have been prohibited from imposing a revocation sanction because of the delay in issuing sanctions. Usually laches is raised as an affirmative defense to the bringing of charges, an equitable statute of limitations, not because an agency was dilatory in issuing a decision. Assuming that that this doctrine even applies, similar to his due process claim, it must be shown that there was an undue delay by the agency, and that the party asserting laches was harmed by the delay. *Weinberg v. State Board of Examiners of Public Accountants,* 509 Pa. 143, 501 A.2d 239 (1985). For the same reasons that we found that there was no due process violation, the doctrine of laches is not applicable.

Accordingly, the decision of the Board is affirmed.

Senior Judge KELLEY dissents.

### *ORDER*

AND NOW, this *10th* day of *October,* 2003, the order of the State Board of Accountancy is affirmed.