David C. Coughlin,            :
             Petitioner    :
                              :
        v.               :
                              :
Bureau of Professional and     :
Occupational Affairs, State      :
Board of Accountancy,         :   No. 280 C.D. 2018
             Respondent   :   Submitted: December 11, 2018


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED: January 3, 2019

David C. Coughlin (Coughlin) petitions this Court for review of the Commonwealth of Pennsylvania (Commonwealth), Department of State (Department), Bureau of Professional and Occupational Affairs (BPOA), State Board of Accountancy's (Board) February 5, 2018 Final Adjudication and Order (Order) revoking his certified public accountant (CPA) certificate and license, and imposing a civil penalty of $40,000.00. The sole issue before this Court is whether the Board abused its discretion by imposing the maximum civil penalty. Upon review, we affirm.

Coughlin held a CPA certificate and license to practice public accounting in the Commonwealth from August 25, 2000 until his license expired on April 30, 2002.[1] In 2014, Coughlin owned and operated Car Connections USA (Car Connections) in West Chester, Pennsylvania. Car Connections was in the business of

---

[1] Coughlin did not renew his license.

used car sales and car consignment.  The consignment contracts required Coughlin to accept payment (which included taxes and Department of Transportation (DOT) title fees), pay off any outstanding liens, subtract his fee and issue the remaining proceeds to the consignors.  In July, August and September 2014, Coughlin sold four vehicles for private sellers for which he received $145,000.00.  Coughlin accepted the payments but did not pay the consignors or lienholders.  Coughlin also sold three vehicles for a company for which he received $57,375.00, but failed to distribute the monies as contracted.  In addition, Coughlin accepted DOT title transfer fees on the sales of 37 vehicles, failed to pay DOT and left the new owners without legal title thereto.

On June 23, 2015, Coughlin pled guilty before the Chester County Common Pleas Court to one count of violating Section 3927(a) of the Crimes Code, 18 Pa.C.S. § 3927(a) (theft by failure to make required disposition of funds received, a third-degree felony).  Coughlin was ordered to serve 3 to 12 months' imprisonment and pay $220,888.10 in restitution, plus costs and fees.  Certified Record (C.R.) Item 1 (Order to Show Cause) Ex. B (Guilty Plea Colloquy).  Coughlin also pled guilty on June 23, 2015 under Chester County Common Pleas Court Docket No. CP-15-CR-407-2015 to three additional counts of violating Section 3927(a) of the Crimes Code, for which he was sentenced to an aggregate term of 3 years of probation, plus costs and fees.  *See* C.R. Item 1 Ex. B.

On November 23, 2015, the Commonwealth issued a five-count Order to Show Cause directing Coughlin to show cause why his CPA certificate and license should not be suspended, revoked or otherwise restricted under Section 9.1(a) of the CPA Law,[2] and/or a civil penalty imposed pursuant to Section 16(c) of the CPA

---

[2] Act of May 26, 1947, P.L. 318, *as amended*, 63 P.S. §§ 9.1-9.16b.  Section 9.1(a) of the CPA Law (relating to grounds for discipline) was added by Section 7 of the Act of September 2, 1961, P.L. 1165, *as amended*, 63 P.S. § 9.9a(a).

Law,[3] and/or Section 5(b)(4) of the Act of July 2, 1993, P.L. 48, *as amended*, 63 P.S §§ 2202-2207 (Act 48),[4] "because [he] violated Section 9.1(a)[] of the [CPA Law], . . . in that [he] . . . pled guilty . . . to [a] felony, [a] crime an element of which is dishonesty or fraud, and/or [a] [f]ederal or state revenue law . . . ." C.R. Item 1 at 6. The Order to Show Cause further provided that "the Board is authorized to suspend or revoke [Coughlin's] certificate and license to practice as a [CPA] under [Section 9124(c)(1)] of the [Criminal History Record Information Act (]CHRIA[)[5],] 18 Pa.C.S. § 9124(c)(1) . . . because [Coughlin] has been convicted of [a] felony." *Id.* The Order to Show Cause directed Coughlin to file an answer thereto within 30 days. *See id.* at 1, 7. The Order to Show Cause was delivered on November 27, 2015 to the Chester County Prison, where Coughlin was incarcerated. *See* C.R. Item 2 (Proof of Service).

Because Coughlin did not respond to the Order to Show Cause, on August 22, 2016, the Commonwealth's counsel filed with the Department, a Motion to Deem Facts Admitted and Issue Adjudication (Motion). *See* C.R. Item 3. On September 19, 2016, Coughlin filed his Answer to the Motion, his Answer to the Order to Show Cause and a request for a hearing.[6] *See* C.R. Items 4 (Hearing Request), 6 (Answer to Order to Show Cause), 7 (Answer to Motion). In his Answer to the Order to Show Cause, Coughlin admitted the allegations against him, but requested the Board to suspend rather than revoke his CPA certificate and license. *See* C.R. Item 6 (Answer to Order to Show Cause) at 1-3. He further represented that

---

[3] 63 P.S. § 9.16(c) (relating to additional civil penalties that may be levied after a hearing). Section 16(c) of the CPA Law was repealed by Section 1 of the Act of July 17, 2009, P.L. 95 (effective September 15, 2009), to the extent that it was inconsistent with the amendment of Section 5 of the Act of July 2, 1993, P.L. 48, *as amended*, 63 P.S §§ 2202-2207.

[4] 63 P.S. § 2205(b)(4) (relating to civil penalty schedules).

[5] 18 Pa.C.S. §§ 9101-9183.

[6] Counsel also filed an entry of appearance on Coughlin's behalf. *See* C.R. Item 5 (Entry of Appearance). Counsel withdrew his appearance on November 17, 2016 and Coughlin entered his appearance pro se. *See* C.R. Item 10 (Withdrawal/Entry of Appearance).

his address was no longer the Chester County Prison, but 122 Hartman Road, Pottstown, Pennsylvania 17465. *See id.* at 1-2. In Coughlin's Answer to the Motion, he claimed that although the Chester County Prison received the certified mailing of the Order to Show Cause, it was never delivered to or served upon him. *See* C.R. Item 7. On September 27, 2016, the Board chairman denied the Motion. *See* C.R. Item 8.

By October 26, 2016 notice, the Board scheduled a hearing for December 6, 2016 which was rescheduled for and conducted before a Hearing Examiner on February 7, 2017.[7] *See* C.R. Items 9, 13-14. Coughlin did not attend the hearing. *See* C.R. Item 15 (Notes of Testimony, February 7, 2017 (N.T.) at 5-6). At the hearing, the Order to Show Cause, Coughlin's admissions and his certified criminal records were admitted into evidence, and the Hearing Examiner took official notice of Coughlin's licensure status. *See* N.T. at 8-11. In light of Coughlin's failure to properly distribute the significant amount of monies entrusted to him and Coughlin's failure to offer any mitigation, the Commonwealth's counsel requested that the Board revoke Coughlin's CPA license and certificate and impose fines at the Hearing Examiner's discretion. *See* N.T. at 11-12. On April 24, 2017, the Hearing Examiner issued a Proposed Adjudication and Order, wherein he recommended:

> Accordingly, this Hearing Examiner believes that revoking [Coughlin's] CPA certificate and license is necessary to have a meaningful deterrent effect on other CPA's [sic] who may be tempted to engage in conduct similar to that demonstrated by [Coughlin]. Additionally, permitting [Coughlin] to retain his CPA certificate and license would

---

[7] Because Coughlin's counsel withdrew his appearance on November 17, 2016, the Board rescheduled the hearing for February 7, 2017, to afford Coughlin time to retain counsel. *See* C.R. Items 10-12. Although the December 6, 2016 Notice of Rescheduled Hearing was sent to Coughlin's Chester County Prison address, on December 20, 2016, the Board issued an Amended Notice of Rescheduled Hearing that was sent to the updated address Coughlin listed in his Answer to Order to Show Cause. *See* C.R. Items 13, 14, 15 (Notes of Testimony, February 7, 2017 at 6, 8).

undermine the public's confidence that only individuals with integrity be permitted to practice in the public accounting profession. For these reasons, public interest requires that [Coughlin's] CPA certificate and license be revoked. Upon consideration of [Coughlin's] obligation to pay more than $220,000.00 in restitution in the Chester County [c]riminal [m]atters in conjunction with the revocation of his certificate and license, this Hearing Examiner does not believe the imposition of additional monetary penalties in this case will further advance the Board's goals.

C.R. Item 16 (Proposed Adjudication and Order) at 10. In his Proposed Order, the Hearing Examiner reported that "[t]he [Board] has announced its intention to review the Proposed Report[.]" *Id.* at 11.

On February 5, 2018, the Board issued its Order, adopting the Hearing Examiner's findings of fact, conclusions of law and discussion, "with the addition of penalties pursuant to Section 16(c) of the CPA Law[.]" C.R. Item 18 (Order) at 2. The Board specifically added, relative to penalties:

[T]he Board may levy a civil penalty of up to ten thousand dollars ($10,000.00) on any person who violates the CPA Law. Section 16(c) of the CPA Law . . . . The Board may levy a civil penalty of up to $10,000[.00] per violation on any licensee who violates the licensing law or regulation. Section 5(b)(4) of [Act 48], . . . .

In the Hearing Examiner's discussion regarding penalties, [he] reasoned assessing a civil penalty against [Coughlin] in addition to the criminal restitution in excess of [the] $220,000.00 ordered in [Coughlin's] criminal case would not advance the goals of the Board. The Board believes the imposition of civil penalties as authorized by the [CPA Law and Act 48] does in fact further its goals of deterring similar behavior from licensees and affirming the public's trust in licensees. [Coughlin] was convicted of four felony counts of theft by failing to make required disposition of funds. The guilty plea colloquy entered by [Coughlin] in the criminal matter details [Coughlin's] deceitful course of conduct in his business of used car sales and car consignment. Individuals and companies placed their trust

5

in [Coughlin] to abide by agreements to pay off vehicle liens, properly transfer title and/or remit sale proceeds to the consignor. The colloquy also summarizes the manner in which [Coughlin] victimized bonafide purchasers and [DOT] relative to the sale of 37 vehicles.

The Board finds [Coughlin] repeatedly acted in gross disregard to the [CPA Law] in committing these financial crimes and it is appropriate for [Coughlin] to be sanctioned financially for commission of those acts. Having considered [Coughlin's] course of illegal conduct and the severity of [his] criminal convictions, the Board finds it appropriate to revoke [Coughlin's] CPA certificate and license and impose the maximum penalty for each of [Coughlin's] four felony convictions for an aggregate penalty of $40,000.00.

C.R. Item 18 (Final Adjudication and Order) at 2-3. The Board entered its Order revoking Coughlin's CPA certificate and license effective March 7, 2015 and levied a $40,000.00 civil penalty. *See* C.R. Item 18 at 5. Coughlin appealed to this Court.[8]

Initially, Section 9.1(a) of the CPA Law states, in pertinent part:

In accordance with the procedure provided in [S]ection 9 of [the CPA Law, 63 P.S. § 9.9 (relating to disciplinary procedure; appeals)], the [B]oard may revoke, suspend, limit or otherwise restrict the certificate of a [CPA] or . . . may revoke, suspend, limit or otherwise restrict any license issued under [the CPA Law] . . . for any one or any combination of the following causes:

. . . .

(5) Pleading guilty to . . . a felony under any [f]ederal or [s]tate law . . . .

---

[8] "Unless the [Board] is accused of bad faith or fraud, the scope of appellate review of the [B]oard's disciplinary sanction is 'limited to the determination of whether there has been a manifest and flagrant abuse of discretion or a purely arbitrary execution of the [Board's] duties or functions.'" *Ake v. Bureau of Prof'l & Occupational Affairs, State Bd. of Accountancy*, 974 A.2d 514, 519 n.6 (Pa. Cmwlth. 2009) (quoting *Goldberger v. State Bd. of Accountancy*, 833 A.2d 815, 817 n.1 (Pa. Cmwlth. 2003)).

(6) Pleading guilty to . . . any crime, an element of which is dishonesty or fraud under any [f]ederal or [s]tate law . . . .

(6.1) Pleading guilty to . . . violating any [f]ederal or [s]tate revenue law . . . .

. . . .

(14) Conduct that brings the profession of public accounting into disrepute or that lowers public esteem for the profession.

63 P.S. § 9.9a(a). Section 16(c) of the CPA Law provides, in relevant part:

**In addition to any other civil remedy, criminal penalty or discipline provided for in [the CPA Law], the [B]oard may levy a civil penalty of up to ten thousand dollars ($10,000[.00]) on any person for a violation of any provision of [the CPA Law].** The [B]oard shall levy a civil penalty only after affording the accused party the opportunity for a hearing, as provided in Title 2 of the Pennsylvania Consolidated Statutes (relating to administrative law and procedure). The maximum civil penalty that may be levied by the [B]oard shall not be more than two hundred thousand dollars ($200,000[.00]) for any related series of violations.

63 P.S. § 9.16(c) (emphasis added). Section 5(b) of Act 48 further specifies:

In addition to the disciplinary powers and duties of the boards and commissions within the [BPOA] under their respective practice acts, boards and commissions shall have the power, respectively:

. . . .

(5) To assess against the respondent determined to be in violation of the disciplinary provisions administered by a licensing board or commission in a disciplinary proceeding pending before the board or commission for final determination, as part of the sanction, the costs of investigation underlying that disciplinary action. The cost of investigation shall not include those costs incurred by the board or commission after the filing of formal actions or disciplinary charges against the respondent.

63 P.S. § 2205(b). Section 9124(c) of CHRIA authorizes the Board to "suspend or revoke any license, . . . [w]here the applicant has been convicted of a felony." 18 Pa.C.S. § 9124(c).

Coughlin argues that the Board erred by arbitrarily imposing the maximum civil penalty. He specifically claims that the $40,000.00 penalty was not justified where his license had been permanently revoked, and he had already been ordered to pay over $220,000.00 in restitution. He asserts that the public's interest is adequately protected by revocation alone because his CPA license was expired, he had not practiced as a CPA for 13 years before committing his crimes and the crimes did not relate to CPA practice.

"This Court's standard for reviewing the discipline imposed by a professional board is extremely deferential. *Blumenschein v. Hous*[.] *Auth*[.] *of Pittsburgh, . . .* 109 A.2d 331, 334-35 ([Pa.] 1954)." *Kirkpatrick v. Bureau of Prof'l & Occupational Affairs, State Bd. of Barber Exam'rs*, 117 A.3d 1286, 1290 (Pa. Cmwlth. 2015).

> [I]t has been established as an elementary principle of law that courts will not review the actions of governmental bodies or administrative tribunals involving acts of discretion, in the absence of bad faith, fraud, capricious action or abuse of power; they will not inquire into the wisdom of such actions or into the details of the manner adopted to carry them into execution. It is true that the mere possession of discretionary power by an administrative body does not make it wholly immune from judicial review, but the scope of that **review is limited to the determination of whether there has been a manifest and flagrant abuse of discretion or a purely arbitrary execution of the agency's duties or functions.** That the court might have a different opinion or judgment in regard to the action of the agency is not a sufficient ground for interference; **judicial discretion may not be substituted for administrative discretion**.

*Id.* at 1290 n.10 (emphasis added) (quoting *Blumenschein,* 109 A.2d at 334-35 (emphasis omitted)).

Clearly, this Court may only "correct abuses of discretion in manner or degree of penalties imposed." *Ake v. Bureau of Prof'l & Occupational Affairs, State Bd. of Accountancy*, 974 A.2d 514, 519 (Pa. Cmwlth. 2009) (quoting *Foose v. State Bd. of Vehicle Mfrs., Dealers & Salespersons,* 578 A.2d 1355, 1359 (Pa. Cmwlth. 1990)). "Thus, '[i]n the absence of bad faith, fraud, capricious action or abuse of power, reviewing courts will not inquire into the wisdom of the agency's action or into the details or manner of executing agency action.'" *Kirkpatrick,* 117 A.3d at 1290 n.10 (quoting *Slawek v. State Bd. of Med. Educ. & Licensure,* 586 A.2d 362, 365 (Pa. 1991)). The Pennsylvania Supreme Court ruled that a reviewing court's role is not to determine whether the agency's action was reasonable, "but whether it was made in accordance with the law." *Slawek*, 586 A.2d at 365 (quotation marks omitted).

Here, "[s]ince there is no allegation of fraud or bad faith[,] . . . this case resolves itself [on] whether the [Board's] action was capricious or a flagrant abuse of discretion." *Id.* at 365. Because the CPA Law expressly authorized the Board to revoke Coughlin's certificate and license and also to levy the $40,000.00 penalty against him, the Board's action "was made in accordance with the law." *Id.* (quotation marks omitted).

Notwithstanding, Coughlin cites to *Shapiro v. State Board of Accountancy*, 856 A.2d 864 (Pa. Cmwlth. 2004), *Goldberger v. State Board of Accountancy*, 833 A.2d 815 (Pa. Cmwlth. 2003), *Nicoletti v. State Board of Vehicle Manufacturers, Dealers & Salespersons*, 706 A.2d 891 (Pa. Cmwlth. 1998), and *Sweeny v. State Board of Funeral Directors*, 666 A.2d 1137 (Pa. Cmwlth. 1995), to support his position that, even in cases of fraud and theft, the public's interest is adequately protected when the wrongdoer's license is revoked.

The fact that the licensing boards in those cases did not impose monetary penalties in addition to the licensure revocations, does not prohibit the Board from doing so in this case. Revocation is only one facet of the Board's disciplinary authority. Section 16(c) of the CPA Law also expressly authorized the Board to impose monetary penalties. The Board's "exercise of that authority is not an abuse of discretion." *Nicoletti*, 706 A.2d at 896. Moreover, Coughlin produced no mitigation evidence. Under the circumstances, this Court cannot conclude that the Board's interpretation of its penalty statutes was clearly erroneous or constituted a capricious or flagrant abuse of its discretion.

Based on the foregoing, the Board's Order is affirmed.

_____
ANNE E. COVEY, Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David C. Coughlin,                       :
                           Petitioner    :
                                         :
              v.                         :
                                         :
Bureau of Professional and               :
Occupational Affairs, State              :
Board of Accountancy,                    :      No. 280 C.D. 2018
                           Respondent    :

## O R D E R

AND NOW, this 3rd day of January, 2019, the Bureau of Professional and Occupational Affairs, State Board of Accountancy's February 5, 2018 Final Adjudication and Order is affirmed.

_____
ANNE E. COVEY, Judge